75C01-2406-CT-000020

Starke Circuit Court

Filed: 6/20/2024 12:48 PM
Clerk
Starke County, Indiana

| STATE OF INDIANA | SS: | IN THE STARKE SUPERIOR/CIRCUIT COURT, |
|---|---|---|
| COUNTY OF STARKE | | |

| DOWNTOWN DEPOT, LLC | |
|---|---|
| Plaintiff, | |
| v. | CASE NO.: |
| LIGHTNING ROD MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, **Downtown Depot, LLC** ("Plaintiff"), by counsel, Ashford DiMartino, P.C., for its claims against **Lightning Rod Mutual Insurance Company** ("Defendant") states as follows:

### THE PARTIES

1) At all times relevant herein, Plaintiff has been residing in Starke County, Indiana.

2) At all times relevant hereto, Plaintiff owned and operated a restaurant located at 18 S Main ST Suite B, Knox, IN 46534 (the "Restaurant").

3) At all times relevant hereto, Defendant is and has been an insurance company, doing business and selling policies of businessowner's insurance in the state of Indiana.

4) At all times relevant hereto, Defendant has been licensed by the Indiana Department of Insurance to issue businessowners insurance policies to Indiana businesses and has been doing business in accordance therewith.

### THE POLICY

5) At all times relevant hereto, Defendant issued a businessowners policy to Plaintiff, under Policy Number BOP0005007760 to Plaintiff (the "Policy"), which specifically covered the

1

Property. [A copy of the Policy, with the coverage term of 10/16/2021 through 10/16/2022 is attached hereto and incorporated herein as Exhibit "A".]

6) The Policy provides coverage for accidental direct physical loss to Business Personal Property, with limits of $10,000.00, and additional coverages for Money and Securities, Food Contamination, Spoilage, Additional Advertising Expense, Business Income loss and Extra Expense loss.

7) Plaintiff paid all Policy premiums that became due during the Term, for all coverages and Endorsements.

8) The Policy remained in force throughout the duration of the Term, and thereafter was renewed.

## THE CLAIMS

9) On or about 6/30/2022, Plaintiff's property sustained damage from a fire not otherwise excluded or limited in the policy (the "Loss").

10) Shortly thereafter, Plaintiff reported its claim to Defendant.

11) Defendant received timely notice of the damage claim, and further assigned it Claim Number 000-00-096986 (the "Claim"), with a date of loss of 6/30/2022.

12) Defendant inspected the property and determined that it was a covered loss.

13) Defendant has promptly paid the business personal property loss, and made a partial payment of amounts owed for business income loss.

14) Thereafter, on May 3, 2024, Plaintiff provided Defendant with a letter from Plaintiff's Accountant providing a proof of loss proving that Defendant's business income loss calculation was deficient by $29,610.96, and that Plaintiff also sustained an Extra Expense loss of $78,430.48.

2

15) However, Defendant has failed and refused to pay Plaintiff for such coverage benefits for which Plaintiff was entitled.

16) Plaintiff fully complied with all terms and conditions precedent under the Policy pertaining to the provision of coverage and/or the issuance of payment for all losses associated with the Claim.

17) Plaintiff has not excused Defendant's non-performance of its obligations under the Policy.

18) Plaintiff has satisfied any and all preconditions to coverage, or to filing suit, or the same have been waived by Defendant.

19) At all times relevant hereto, Defendant has acted by and through its employees and agents in its handling of the Claim.

## COUNT I – BREACH OF CONTRACT

1-19. Plaintiff, repeats and re-alleges rhetorical paragraphs 1-19, as if fully reincorporated herein.

20) The Policy is a valid contract ("Contract") between Plaintiff and Defendant.

21) In addition to the provisions in the Policy, amendments and endorsements, the Contract further includes additional provisions required by law, as well as an obligation by Defendant to exercise a covenant of good faith and fair dealing toward Plaintiff.

22) Defendant has breached its Contract with Plaintiff in one or more of the following ways:

    a) Misrepresenting the terms and conditions of coverage;

    b) Failing and refusing to pay for the additional business income loss and extra expense benefits to which it was entitled;

  c) Misrepresenting Defendant's policies regarding payment of coverages;

  d) Failing and refusing to pay the aforementioned benefits, without legal excuse or justification;

  e) Unnecessarily delaying the handling of the Claim, without legal excuse or justification;

  f) Intentionally misleading and/or deceiving Plaintiff; and

  g) Failing to exercise good faith and fair dealing in its handling of Plaintiff's Claim.

23) As a direct and proximate result of Defendant's breach of contract with Plaintiff, Plaintiff has suffered consequential damages, including but not limited to:

  a) The loss and damage to their property without indemnification provided for in the Policy;

  b) The loss of use of their property and other insurance benefits;

  c) The increased cost to repair and/or replace their property insured;

  d) Depreciated amount of real and personal property; and

  e) Other consequential damages.

WHEREFORE, Plaintiff, **Downtown Depot**, **LLC,** by counsel, respectfully requests judgment in its favor and against Defendant **Lightning Rod Mutual Insurance Company**, and further requests the following relief:

  A. For the payment of all proceeds available and due under the Policy;

  B. For all reasonable compensatory and consequential damages;

  C. For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and

    D.    For all other just and proper relief in the premises.

    Respectfully submitted,

    ASHFORD DIMARTINO, P.C.

    BY: C. ANTHONY ASHFORD, 19253-02

    */s/ C. Anthony Ashford*
    Attorney for Plaintiff
    334 W. 806 N.
    Valparaiso, IN 46385
    P: (219) 728-5210
    F: (219) 728-2052
    cashfordlaw1@gmail.com

## COUNT II – BAD FAITH/BREACH OF COVENANT OF GOOD FAITH

1-23.    Plaintiff repeats and re-alleges rhetorical paragraphs 1-23, as if fully reincorporated herein.

24)    In addition to breaching its Contract with Plaintiff, Defendant further breached its covenant of good faith and fair dealing with Plaintiff in one or more of the following manners:

    a)    By making an unfounded refusal to pay policy proceeds to Plaintiff;

    b)    By causing an unfounded delay in making payment to Plaintiff for its damaged property;

    c)    By misrepresenting pertinent facts and insurance policy provisions relating to the claims and coverages at issue;

    d)    By attempting to exercise any unfair advantage to pressure Plaintiff into a settlement of its claim;

    e)    By compelling Plaintiff to institute litigation to protect policy benefits due under the policy, by intentionally and improperly delaying a decision.

25)    Defendant's actions were made in bad faith and/or a breach of the covenant of good

5

faith and fair dealing, and has resulted in additional injury and damage to Plaintiff, including but not limited to consequential damages.

WHEREFORE, Plaintiff, **Downtown Depot, LLC** by counsel, respectfully request judgment in its favor and against Defendant, **Lightning Rod Mutual Insurance Company**, and further requests the following relief:

A. For all reasonable compensatory and consequential damages at law;

B. For all recoverable punitive damages at law;

C. For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and,

D. For all other just and proper relief in the premises.

ASHFORD DIMARTINO, P.C.
BY: C. ANTHONY ASHFORD, 19253-02
/s/ *C. Anthony Ashford*_____
Attorney for Plaintiff
334 W. 806 N.
Valparaiso, IN 46385
P: (219) 728-5210
F: (219) 728-2052
cashfordlaw1@gmail.com

**JURY DEMAND**

**PLAINTIFF, BY COUNSEL, HEREBY DEMANDS TRIAL BY JURY.**

        Respectfully submitted,

        ASHFORD DIMARTINO, P.C.
        BY: C. ANTHONY ASHFORD, 19253-02
        /s/ *C. Anthony Ashford*_____
        Attorney for Plaintiff
        334 W. 806 N.
        Valparaiso, IN 46385
        P: (219) 728-5210, ext. 2
        F: (219) 728-2052
        cashfordlaw1@gmail.com

## CERTIFICATE OF FILING

*I certify that on June 20, 2024, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS).*

BY: /s/ *C. Anthony Ashford*